IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CIVIL CASE NO. 1:23-cv-00259-MR-WCM

| | |
|---|---|
| JOHN P. MIALL, JR., ROBYN HITE, DAVID SHAW, DANIE JOHNSON, and WILLA GRANT, <br><br> Plaintiffs, <br><br> vs. <br><br> CITY OF ASHEVILLE, DEBRA CAMPBELL, in her official capacity as City Manager of the City of Asheville, and ESTHER MANHEIMER, in her official capacity as Mayor of City of Asheville, <br><br> Defendants. | **MEMORANDUM OF DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 4] and the Plaintiffs' Emergency Motion for a Temporary Restraining Order and Preliminary Injunction [Doc. 7].

**I.    PROCEDURAL BACKGROUND**

The Plaintiffs John P. Miall, Jr., Robyn Hite, David Shaw, Danie Johnson, and Willa Grant (collectively, "the Plaintiffs") initiated this action on September 5, 2023, seeking, among other relief, a declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. § 2201, that the Defendants

City of Asheville, Debra Campbell, and Esther Manheimer (collectively "the Defendants") have and are employing illegal discriminatory policies and procedures on the basis of race in creating and administering a city advisory board, The Human Relations Commission (HRCA). The Plaintiffs, who are all white City of Asheville residents, claim that the race-based appointment preferences utilized by the Defendants disadvantage applicants who are not racial minorities, in violation of Title VI of the Civil Rights Act of 1964, 42 U.S.C. §2000(d) et seq. ("Title VI"), the Equal Protection Clause of the 14th Amendment to the United States Constitution, and 42 U.S.C. §§ 1981 and 1983. [Doc. 1].

On September 26, 2023, the Plaintiffs filed an Amended Complaint, asserting a putative class action and seeking additional injunctive relief. [Doc. 5].

On September 27, 2023, the Plaintiffs filed the present Emergency Motion for a Temporary Restraining Order and Preliminary Injunction, seeking to enjoin the Defendants from (1) appointing members to the HRCA using race-based appointment preferences and (2) otherwise discriminating on the basis of race in making appointments to the HRCA. [Doc. 7].

## II. STANDARD OF REVIEW

A plaintiff seeking interim injunctive relief, either through temporary restraining order or a preliminary injunction, must demonstrate that (1) he is likely to succeed on the merits, (2) it is likely to suffer irreparable harm absent injunctive relief, (3) the balance of the equities tips in his favor, and (4) the injunction would be in the public interest. Winter v. Nat. Res. Def. Council, Inc., 555 U.S. 7, 20 (2008). "A preliminary injunction is an extraordinary remedy never awarded as of right." Id. at 24. A plaintiff seeking a preliminary injunction "need not establish a certainty of success, but must make a clear showing that he is likely to succeed at trial." Di Biase v. SPX Corp., 872 F.3d 224, 230 (4th Cir. 2017) (internal quotation marks omitted). Ultimately, a plaintiff's entitlement to preliminary injunctive relief is a matter of discretion with the Court. See Metro. Reg'l Info. Sys., Inc. v. Am. Home Realty Network, Inc., 722 F.3d 591, 595 (4th Cir. 2013).

## III. DISCUSSION

In order to seek the extraordinary remedy of preliminary injunctive relief, the Plaintiffs must show that they are likely to succeed on the merits of their claims and that they are also likely to suffer irreparable harm in the interim period absent the requested injunction. Even assuming that the Plaintiffs could demonstrate that they are likely to prevail on their claims, the

Plaintiffs have failed to show that they will be irreparably harmed absent preliminary injunctive relief. The Plaintiffs allege that the Defendants are scheduled to appoint members to the HRCA at the Asheville City Council meeting on October 10, 2023. The Plaintiffs' applications to the HRCA are still pending. To the extent that any of the Plaintiffs are not appointed by the HRCA at the October 10, 2023 City Council meeting, and such Plaintiffs are not appointed as a result of some unlawful action by the Defendants, then any such harm can be remedied by further order of this Court. Accordingly, the Plaintiffs' request for a temporary restraining order is denied. The Plaintiffs' request for a preliminary injunction is denied without prejudice.

On September 14, 2023, the Defendants filed the present Motion to Dismiss, seeking to dismiss the Plaintiffs' Complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. [Doc. 4]. With the filing of the Plaintiffs' Amended Complaint, which was filed as of right, see Fed. R. Civ. P. 15(a)(1), the Defendants' Motion to Dismiss the Plaintiffs' Complaint has been rendered moot and will be denied as moot.

## O R D E R

**IT IS, THEREFORE, ORDERED** that the Defendants' Motion to Dismiss [Doc. 4] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Plaintiffs' Emergency Motion for a Temporary Restraining Order [Doc. 7] is **DENIED**, and the Plaintiffs' Motion for a Preliminary Injunction [Doc. 7] is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED.**

Signed: September 28, 2023

Martin Reidinger
Chief United States District Judge