**THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1:23-cv-00259-MR-WCM**

| | | |
|---|---|---|
| **JOHN P. MIALL, JR.; ROBYN HITE; DAVID SHAW; DANIE JOHNSON; and WILLA GRANT,** | ) ) ) ) ) | |
| **Plaintiffs,** | ) ) | |
| **vs.** | ) ) | **ORDER** |
| **CITY OF ASHEVILLE; DEBRA CAMPBELL, IN HER OFFICIAL CAPACITY AS CITY MANAGER OF THE CITY OF ASHEVILLE; and ESTHER MANHEIMER, IN HER OFFICIAL CAPACITY AS MAYOR OF THE CITY OF ASHEVILLE,** | ) ) ) ) ) ) ) ) ) ) | |
| **Defendants.** | ) ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Defendants' Motion to Dismiss [Doc. 18]; the Magistrate Judge's Memorandum and Recommendation regarding the disposition of the Defendants' Motion to Dismiss [Doc. 27]; the Plaintiffs' Objection to the Memorandum and Recommendation [Doc. 28]; and the Defendants' Objections to the Memorandum and Recommendation [Doc. 29].

## I.  PROCEDURAL BACKGROUND

John P. Miall, Jr., Robyn Hite, David Shaw, Danie Johnson, and Willa Grant (the "Plaintiffs") filed a Complaint on September 5, 2023, [Doc. 1], and an Amended Class Action Complaint on September 26, 2023, naming the City of Asheville; Debra Campbell, in her official capacity as the City Manager of Asheville; and Esther Manheimer, in her official capacity as the Mayor of Asheville, as defendants (the "Defendants"), [Doc. 5 at ¶¶ 11–13].  The Plaintiffs allege that the Defendants are employing discriminatory policies and procedures on the basis of race in creating and administering the Human Relations Commission of Asheville (the "HRCA"), a city advisory board. [Doc. 5 at 4–8].  The Plaintiffs, who are white, assert an Equal Protection Clause claim under 42 U.S.C. § 1983 and a claim for racial discrimination under 42 U.S.C. § 1981.  [Doc. 5 at 11–12].

On November 6, 2023, the Defendants filed a Motion to Dismiss both claims.  [Doc. 18].  On November 20, 2023, the Plaintiffs filed a Response to the Defendants' Motion to Dismiss [Doc. 19], and on December 4, 2023, the Defendants filed a Reply to the Plaintiffs' Response [Doc. 23].  Pursuant to 28 U.S.C. § 636(b), the Court designated the Honorable W. Carleton Metcalf, United States Magistrate Judge, to consider the Defendants' Motion to

Dismiss and to submit a recommendation regarding its disposition. On August 26, 2024, the Magistrate Judge entered a Memorandum and Recommendation (the "Memorandum"), recommending that the Defendants' Motion be granted in part and denied in part. [Doc. 27 at 17]. Specifically, the Magistrate Judge recommended denying the Defendants' Motion regarding the Plaintiffs' § 1983 claim and granting the Defendants' Motion regarding the Plaintiffs' § 1981 claim. [Id.]. On September 9, 2024, the Plaintiffs filed their Objection to the Memorandum and Recommendations [Doc. 28], and the Defendants filed their Objections to the Memorandum and Recommendations [Doc. 29]. On September 23, 2024, the Defendants filed a Response to the Plaintiffs Objection, [Doc. 30], and the Plaintiffs filed a Response to the Defendants' Objections, [Doc. 31]. This matter is now ripe for review.

## II.    STANDARD OF REVIEW

### A.    Standard of Review Applicable to Objections to a Magistrate Judge's Proposed Findings and Recommendation

The Federal Magistrate Act requires a district court to "make a *de novo* determination of those portions of the report or specific proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). In

order "to preserve for appeal an issue in a magistrate judge's report, a party must object to the finding or recommendation on that issue with sufficient specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir. 2007). The Court need not conduct a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982).

The Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge to which no timely objections have been raised. Thomas v. Arn, 474 U.S. 140, 150 (1985). "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

**B.    Rule 12(b)(6) Standard**

To survive a motion to dismiss pursuant to Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Ashcroft v. Iqbal, 556 U.S. 662, 678

4

(2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). To be "plausible on its face," a plaintiff must demonstrate more than "a sheer possibility that a defendant has acted unlawfully." Id.

In reviewing the Complaint, the Court must accept the truthfulness of all factual allegations but is not required to assume the truth of "bare legal conclusions." Aziz v. Alcolac, Inc., 658 F.3d 388, 391 (4th Cir. 2011). "The mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." Walters v. McMahen, 684 F.3d 435, 439 (4th Cir. 2012); see also Twombly, 550 U.S. at 555 (A complaint containing mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do.").

Determining whether a complaint states a plausible claim for relief is "a context-specific task," Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009), which requires the Court to assess whether the factual allegations of the complaint are sufficient "to raise the right to relief above the speculative level," Twombly, 550 U.S. at 555. As the Fourth Circuit has explained:

> To satisfy this standard, a plaintiff need not forecast evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient

facts to establish those elements. Thus, while a plaintiff does not need to demonstrate in a complaint that the right to relief is probable, the complaint must advance the plaintiff's claim across the line from conceivable to plausible.

Walters, 684 F.3d at 439 (citations and internal quotation marks omitted).

## III. DISCUSSION

### A. Defendants' Objection

In their Objections, the Defendants argue that the Magistrate Judge erred by concluding that the Amended Complaint contained sufficient factual allegations to state an equal protection claim under § 1983. [Doc. 29 at 4–5].

After careful review of the Magistrate Judge's Memorandum, the Court finds that the proposed conclusions of law concerning the Plaintiffs' equal protection claim under § 1983 are consistent with current case law. Accordingly, the Court accepts the Magistrate Judge's recommendation that the Defendants' Motion to Dismiss should be denied with respect to the Plaintiffs' § 1983 claim.

### B. Plaintiffs' Objection

In their Objection, the Plaintiffs argue that the Magistrate Judge erred by concluding that the Plaintiffs could not state a claim under § 1981 because

none of the Plaintiffs are racial minorities. [Doc. 28 at 1]. With respect to

this claim, the Magistrate Judge concluded that the "Plaintiffs have alleged

that they are not members of a racial minority, and therefore have failed to

state a claim for violation of Section 1981 as a matter of law." [Doc. 27 at 16

(citing Pena v. Porter, 316 F. App'x 303, 316 (4ᵗʰ Cir. 2009) (unpublished)].

However, it is well-established that white litigants, in addition to members of

racial minorities, may bring actions for violations of § 1981. See McDonald

v. Santa Fe Trail Transp. Co., 427 U.S. 273, 286-87 (1976) ("§ 1981 is

applicable to racial discrimination in private employment against white

persons"); see also Murrell v. Ocean Mecca Motel, Inc., 262 F.3d 253, 258

(4th Cir. 2001) (noting that it is "well established that both whites and

members of racial minorities may sue for violations of § 1981") (citing

McDonald with approval). Therefore, the Plaintiffs' § 1981 claim is "plausible

on its face," see Iqbal, 556 U.S. at 678, and the Court declines to accept the

Magistrate Judge's recommendation to dismiss the Plaintiffs' § 1981 claim.[1]

---

[1] Notably, the Defendants did not make any specific objection to the Magistrate Judge's conclusion regarding the Plaintiffs' § 1981 claim being based on an incorrect or erroneous ground. In fact, the Defendants did not address the § 1981 claim in their Objections at all, rather focusing on the denial of their motion to dismiss the Plaintiffs' equal protection claim. However, in their reply to the Plaintiffs' Objections, the Defendants defend the Magistrate Judge's conclusion regarding the § 1981 claim, arguing that "[s]eparate and apart from the question validly raised by the Memorandum and Recommendation as to

7

## <u>ORDER</u>

**IT IS, THEREFORE, ORDERED** that the Plaintiffs' Objection to the Memorandum and Recommendation [Doc. 28] is **SUSTAINED**; the Defendants' Objections to the Memorandum and Recommendation [Doc. 29] are **OVERRULED;** and the Magistrate Judge's Memorandum and Recommendation [Doc. 27] is **ACCEPTED IN PART** and **REJECTED IN PART**.

**IT IS FURTHER ORDERED** that the Defendants' Motion to Dismiss [Doc. 18] is **DENIED** with respect to both the Plaintiffs' § 1983 claim and § 1981 claim.

**IT IS SO ORDERED.**

Signed: October 28, 2024

Martin Reidinger
Chief United States District Judge

---

whether 42 U.S.C. § 1981 provides a viable cause of action to white plaintiffs, . . . the factual allegations of the Amended Complaint continue to be insufficient to support a claim under that statute." [Doc. 30 at 2]. The Defendants, however, did not make a specific objection regarding the Magistrate Judge's failure to address that particular argument in the Memorandum and Recommendation. To the extent that the Defendants' argument made in response to the Plaintiffs' objection regarding the dismissal of the § 1981 claim can be construed as an objection, it is untimely. Accordingly, the Court declines to conduct a *de novo* review of that argument here. <u>See</u> <u>Diamond</u>, 416 F.3d at 315 (noting that the Court need not conduct a *de novo* review "in the absence of a timely filed objection").

8