UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | |
|---|---|
| JOHN P. MIALL, JR., ROBYN HITE, DAVID SHAW, WILLA GRANT, and DAVID EVANS,<br><br>Plaintiffs,<br><br>v.<br><br>CITY OF ASHEVILLE, DEBRA CAMPBELL, in her official capacity as City Manager of the City of Asheville, and ESTHER MANHEIMER, in her official capacity as Mayor of the City of Asheville,<br><br>Defendants. | Civil Action No. 1:23-cv-00259-MR-WCM |

## JOINT MOTION AND MEMORANDUM
## FOR ENTRY OF JUDGMENT AND DECREE

Plaintiffs John P. Miall, Jr., Robyn Hite, David Shaw, Willa Grant, and David Evans ("Plaintiffs"), and Defendants City of Asheville, Debra Campbell, in her official capacity as City Manager of the City of Asheville, and Esther Manheimer, in her official capacity as Mayor of the City of Asheville ("Defendants") (collectively, the "Parties"), seek approval of a consent decree, attached hereto as Exhibit A, resolving claims of Plaintiffs' Second Amended Complaint in this matter. In support of their request, the Parties rely upon the attached proposed consent decree and this motion and memorandum.

The consent decree is fair, adequate, and reasonable and serves the public interest. It was negotiated in good faith and not the product of fraud or collusion. For these reasons, the Court should grant the Parties' request to approve and enter their consent decree.

## I. BACKGROUND

Plaintiffs filed the Second Amended Complaint in this matter on June 20, 2025. Dkt. 47. It alleged that Defendants have discriminated and will discriminate against applicants, including Plaintiffs, to the Human Relations Commission of Asheville ("HRCA" or "Commission") on the basis of race in considering them for appointment to the HRCA, as set forth in Asheville Ordinance Sec. 2-185.25(b)(2)(b). *Id*. Plaintiffs claim Defendants' actions violate the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. *Id*.

Defendants filed an answer to the Second Amended Complaint on July 8, 2025. Dkt. 48.

The Court scheduled trial for January 12, 2026. Dkt. 35. A discovery deadline was set for August 8, 2025, Dkt. 50, prior to which the Parties exchanged written discovery. The Court also ordered the Parties to complete mediation by August 22, 2025. Dkt. 35 and 50.

On July 21, 2025, the Parties commenced mediation. Subsequently and through about August 18, 2025, counsel for the Parties engaged in negotiations to resolve Plaintiffs' claims and executed the proposed consent decree, attached at Exhibit A. On August 25, 2025, counsel for the Parties met and conferred and agree to this joint motion.

## II. ARGUMENT

A consent decree has elements of both judgment and contract. *Smyth ex rel. Smyth v. Rivero*, 282 F.3d 268, 280 (4th Cir. 2002). When "considering whether to enter a proposed consent decree, a district court should be guided by the general principle that settlements are encouraged." *United States v. North Carolina*, 180 F.3d 574, 581 (4th Cir. 1999).

The Court "must satisfy itself that the agreement 'is fair, adequate, and reasonable' and 'is not illegal, a product of collusion, or against the public interest.'" *North Carolina*, 180 F.3d at 581 (quoting *United States v. Colorado*, 937 F.2d 505, 509 (10th Cir. 1991)). It need not, however,

"inquire into the precise legal rights of the parties nor reach and resolve the merits of the claims or controversy" because "it is precisely the desire to avoid a protracted examination of the parties' legal rights that underlies entry of consent decrees." *Bragg v. Robertson*, 83 F. Supp. 2d 713, 717 (S.D. W. Va. 2000).

### A. The Proposed Consent Decree Is Fair, Adequate, and Reasonable

In considering the fairness and adequacy of a proposed consent decree, the Court must assess the strength of Plaintiffs' case, but it is not required to "conduct 'a trial or a rehearsal of the trial.'" *North Carolina*, 180 F.3d at 581 (quoting *Flinn v. FMC Corp.*, 528 F.2d 1169, 1172 (4th Cir. 1975)). The Court should consider the extent of discovery that has taken place, the stage of the proceedings, the lack of collusion in the settlement, and the experience of Plaintiffs' counsel who negotiated the settlement.

Here, the Parties agree that the factors weigh in favor of entering the consent decree. Mediation and settlement discussion took place after discovery was exchanged. There is no dispute that Plaintiffs' counsel had sufficient experience to negotiate the settlement.

### B. The Proposed Consent Decree Is in the Public Interest, and Not Illegal or Collusive

Upholding constitutional rights is in the public interest. *Legend Night Club v. Miller*, 637 F.3d 291, 303 (4th Cir. 2011); *see also Bernstein v. Sims*, 643 F. Supp. 3d 578, 588 (E.D.N.C. 2022) ("The public interest always lies with the vindication of constitutional rights."). The proposed consent decree advances the interests of the constitutional rights of the City of Asheville residents.

Furthermore, the consent decree is neither illegal nor collusive. Each of the Plaintiffs and Defendants consented to the decree. The agreement pertains to appointments to a city commission

3

Case 1:23-cv-00259-MR-WCM    Document 52    Filed 08/26/25    Page 3 of 5

within the confines of the Fourteenth Amendment. It is the product of good-faith, extensive negotiations during and following mediation.

### III. CONCLUSION

For the foregoing reasons, the Parties request that the Court approve the Proposed Consent Decree.

DATED: August 26, 2025.

Respectfully submitted,

/s/ Andrew R. Quinio
Andrew R. Quinio*
Cal. Bar. No. 288101
Pacific Legal Foundation
555 Capitol Mall, Suite 1290
Sacramento, CA 95814
Tel.: (916) 419-7111
Fax: (916) 419-7747
AQuinio@pacificlegal.org

Laura M. D'Agostino*
Virginia Bar No. 91556
Pacific Legal Foundation
3100 Clarendon Blvd., Suite 1000
Arlington, VA 22201
Tel.: (202) 888-6881
Fax: (916) 419-7747
LDagostino@pacificlegal.org

Ruth C. Smith
N.C. Bar No. 26754
The Elmore and Smith Law Firm, P.C.
79 Woodfin Place, Suite 103
Asheville, NC 28801
Tel.: (828) 367-7998
Fax: (828) 367-7991
ruth@mywncattorney.com
*Counsel for Plaintiffs*

*Pro Hac Vice

/s/ Patrick H. Flanagan
Patrick H. Flanagan
Kayla N. McDaniel
P.O. Box 30787
Charlotte, NC 28230
phf@cshlaw.com
kmcdaniel@cshlaw.com

Eric P. Edgerton
City of Asheville
7 Carraway Street
Woodfin, NC 28804
eedgerton@ashevillenc.gov
*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on August 26, 2025, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

Eric P. Edgerton
City of Asheville
7 Carraway Street
Woodfin, NC 28804
eedgerton@ashevillenc.gov

Kayla N. McDaniel
Patrick H. Flanagan
P.O. Box 30787
Charlotte, NC 28230
kmcdaniel@cshlaw.com
phf@cshlaw.com

*Counsel for Defendants*

/s/ Andrew R. Quinio
Andrew R. Quinio